Robert G. Johnson, Jr., Esq. (SBN. 64248)
LAW OFFICES OF ROBERT G. JOHNSON, JR.
41391 Kalmia Street, Suite 210
Murrieta, California 92562
Telephone (951) 667-1700   Facsimile (951) 461-7700

Attorneys for Plaintiff, Robert Grey Johnson, Jr.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GREY JOHNSON, JR., an individual,<br><br>              Plaintiff,<br><br>      v.<br><br>ERIC CISNEY, an individual, and DOE INDIVIDUALS 1-10, and DOES CORPORATIONS 11-20,<br><br>              Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY RELIEF; DEMAND FOR A JURY TRIAL** |

COMES NOW Robert Grey Johnson, Jr., individually, for causes of action against defendants, and each of them, and herein alleges, based upon information and belief:

## JURISDICTION AND VENUE

1.      Robert Grey Johnson, Jr. ("JOHNSON") is an attorney at law, licensed to practice law in the states of California and Montana.

2.      Plaintiff JOHNSON is a resident of Murrieta, California in the County of Riverside, California.

3.      Defendant, Eric Cisney ("CISNEY") at all times relevant, was and is a resident Huntsville, Alabama, County of Madison, Alabama and resided at 116 Peterson Place, Huntsville, AL  35811. CISNEY hired JOHNSON to perform legal services for CISNEY in California in a

personal injury automobile accident claim.

4.      Venue is proper in the Southern District of California pursuant to contract, amount in controversy, location of the subject underlying automobile accident, and place where the contact was executed and where the legal services under the contract were performed.  There is complete diversity of citizenship in this action, since CISNEY is a resident of Alabama, and JOHNSON is, and for all times relevant herein, a citizen of the State of California. The automobile accident which is the subject of this action occurred in Riverside County, California. The contract for legal services was executed in Riverside County, California, and the legal services for which JOHNSON was hired to represent CISNEY were performed under JOHNSON's California State Bar License No. 64248, in California.

5.      The amount of this controversy exceeds $75,000.00.

6.      JOHNSON demands a jury trial to decide this case.

## PRELIMINARY ALLEGATIONS

7.      On or about July 17, 2015, CISNEY was seriously injured in a motor vehicle accident while a passenger in a fire truck owned by the Riverside County Fire Department.  His fire truck was involved in a collision with a third party Defendant, Jesus Rosales ("ROSALES"), at an intersection in Thermal, California, County of Riverside, California.

8.      On or about September 29, 2015, CISNEY hired attorney JOHNSON to represent him in order to recover damages for his injuries.  CISNEY was a 17 year veteran of the Department of Forestry, State of California, working for Cal Fire and held the rank of Battalion Caption. CISNEY also hired JOHNSON to represent him in his worker's compensation claim as an "applicant" before the Workers Compensation Appeals Board ("WCAB") in Riverside, California.

9.      CISNEY was so severely injured in the subject accident, that he was involuntarily retired from the Department of Forestry, Cal Fire, in or about June, 2016.

10.      JOHNSON diligently pursued the representation of CISNEY in both the third party accident claim against ROSALES, as well as an underinsured motorist claim ("UIM Claim") against Metropolitan Property and Casualty Insurance Company ("MET P&C"), the automobile insurance carrier of CISNEY at the time of the accident.  JOHNSON also represented CISNEY

before the WCAB in Riverside, CA.  Such legal services on behalf of CISNEY were performed between about September 29, 2015, when CISNEY signed a Contingency Fee Retainer Agreement with JOHNSON, and August 2, 2017, when CISNEY terminated the legal services of JOHNSON.  CISNEY subsequently reinstated JOHNSON as his attorney, but only for his Workers Compensation case before the Riverside County WCAB about a week later.  He then terminated JOHNSON'S services on the WCAB claim on or about October 2, 2017.

11.     In or about May, 2016, JOHNSON settled CISNEY's underlying third party automobile accident claim against ROSALES for the policy limits of ROSALES' insurance policy with Foremost Insurance Company, in the amount of $50,000.00.  This triggered the UIM Claim Coverage of up to $500,000.00 under CISNEY's own automobile insurance policy, which was purchased in Alabama from MET P&C.

12.     In or about June, 2016, upon presentation of CISNEY'S claim for his UIM Claim benefits, MET P&C denied coverage, alleging and "Exclusion" that CISNEY "failed to obtain its permission to settle with ROSALES,  in accordance with the provisions under the UM/UIM Declarations of its automobile policy of CISNEY.   JOHNSON responded on behalf of CISNEY asserting that MET P&C's policy covering CISNEY for the subject automobile accident could only rely upon such a provision to deny coverage in an "uninsured motorist" claim  ("UM Claim"), and that it was not necessary to invoke coverage under the UIM declaration by seeking is permission to settle with the third party insurance carrier.  JOHNSON further asserted on behalf of CISNEY that unless CISNEY could show that he had actually "exhausted the policy limits" of ROSALES' insurance with Foremost Insurance, he was virtually unable to invoke the UIM provisions of his own policy, and could not maintain a "UIM" claim.  Nonetheless, MET P&C continued to deny CISNEY'S claim for UIM benefits.

13.     On or about June 14, 2016, MET P&C filed suit in Federal District Court, Northern District Court, Birmingham, AL.  It alleged a singular cause of action for Declaratory Relief, asking that the Court declare its Exclusion as valid under the fact pattern presented.  (See attached hereto Exhibit "A" –Declaratory Relief Action of MET P&C v Eric and Kerri Cisney).

14.    JOHNSON hired local defense counsel in Alabama to defend the MET P&C Federal Court action against its insureds.  CISNEY was thereafter represented by Todd Lowther and Kerra Hicks, attorneys at the law firm of BALCH & BINGHAM, LLP ("BALCH") in Birmingham, Alabama.  MET P&C was represented by John Little of Maynard Cooper, LLP, also in Birmingham.

15.    JOHNSON continued to represent CISNEY in his third party action, his WCAB action, and his claim for UIM benefits in California.  With respected to the latter claim, JOHNSON filed an insurance bad faith claim in Palm Springs, California against MET P&C for denying CISNEY'S claim for UIM benefits.

MET P&C hired the California Law Offices of Maynard, Cooper in San Francisco, California to defend CISNEY'S bad faith insurance claim.  MET P&C removed CISNEY'S Superior Court Case filed in Riverside County, California to the Federal District Court in Los Angeles in Case No. 5:17-cv-0389 JGB (DTBx).

16.    After about 10 months of Federal Court Litigation in both Alabama and California, the parties to that lawsuit, Eric Cisney and Kerri Cisney, and MET P&C entered into a release of all claims.  The release contained dismissals of both the Alabama and California Federal Court Claims.  In addition, the parties stipulated to sending the UIM claim to Alabama for resolution through settlement or binding UIM arbitration.

17.  As a condition of the settlement set forth in para. 16 above, the parties stipulated to enter into Binding Arbitration, which hearing was to be held before Judge Vowell in or about October 22, 2017, in Birmingham, Alabama.   JOHNSON continued to use the services of local counsel at BALCH to represent CISNEY in the then pending UIM matter.  The local counsel continued to be Todd Lowther, Esq. at BALCH.  MET P&C hired Gaines Gault Hendrix PC as its defense counsel for the UIM arbitration, and was represented by Ronald J. Gault, Esq. ("GAULT") through its Birmingham office.  The binding arbitration was set on or about October 22, 2017, in Birmingham, AL.

18.  On or about August 2, 2017, CISNEY terminated the legal services of both JOHNSON, BALCH, and local counsel Todd Lowther.  He then hired the legal services of Jerry M. Blevins

("BLEVINS") of Montgomery, AL as his counsel in his UIM claim against Met P&C. JOHNSON continued to provide documentation from his files including medical records and various legal documents upon request from BLEVINS.

19. JOHNSON and BALCH filed liens for their services with BLEVINS, MET P&C, and attorneys for MET P&C, at Gaines Gault Hendrix. BLEVINS later requested an itemized statement of the hours that JOHNSON had performed on the UIM case, and JOHNSON furnished a 30 page document to him on or about September 25, 2017. (See attached as Exhibit "B" a copy of that summary of hours performed which constituted JOHNSON'S lien for services rendered in California during the pendency of CISNEY's claims and the litigation which was filed in the state of California.) BALCH filed a lien for its services rendered in the state of Alabama under an agreement with JOHNSON to act as local counsel.

19. On September 25, 2017. JOHNSON received notice from Met P&C's attorney, Ronald J. Gault, Esq. of Gaines Gault Hendrix, PC of Birmingham, AL, who had been defending the UIM claim of CISNEY, that the matter had been settled for the policy limits of $500,000.00, and that BLEVINS would be receiving the settlement check via FedEx delivery that morning. Later that day, JOHNSON contacted the claims adjuster on the file for MET P &C, and she confirmed the BLEVINS had signed for the $500,000.00 settlement check via FedEx delivery that morning at or about 0953 in his Montgomery office located at 2800 Zelda Road Suite 200-3, Montgomery, AL 36106. Several days later, Mr. Gault furnished JOHNSON with a copy of the "RELEASE" executed by CISNEY, and his wife, Kerri Cisney, and dated September 25, 2017. (See attached as Exhibit "C" to this complaint the "Release").

20. Both BLEVINS and MET P&C acknowledged receiving notice of the JOHNSON and BALCH liens for legal services rendered on the UIM case of CISNEY. Both CISNEY and BLEVINS refuse to honor and pay the liens of JOHNSON and BALCH. JOHNSON had worked on the CISNEY case for about two (2) years, and BLEVINS worked on the CISNEY case for about 54 days. BLEVINS is claiming a Contingency Fee of 35% of the recovered amount of $500,000.00 by CISNEY's UIM claim.

## FIRST CAUSE OF ACTION-BREACH OF WRITTEN CONTRACT

### (Against All Defendants)

21.  Plaintiff incorporates by reference paragraphs 1-20, inclusive, and each and every prior and subsequent allegation as though fully set forth herein.

22.  CISNEY and JOHNSON entered into a valid attorney-client Contingency Fee agreement on or about September 29, 2015, wherein JOHNSON agreed to represent CISNEY on a Contingency Fee basis in the pursuit of damages and compensation for his injuries incurred in the accident of July 17, 2015.  (See attached as Exhibit "D" to this Complaint a true copy of the Contingency Fee Agreement.)

23.  BLEVINS has informed JOHNSON that he is holding the proceeds from the settlement of the UIM case in his client trust account. MET P&C failed to follow its standard protocol in the settlement of cases with multiple attorneys and liens, by placing the names of all attorneys/lienholders as additional payees on the settlement drafts.  MET P & C failed to place lienholder JOHNSON on the settlement draft.   However, in the RELEASE, Exhibit "C" to this Complaint, in paragraph 4, LIENS/SUBROGATION CLAIMS, it sets forth the following language:  "The undersigned and their counsel of record hereby agree to satisfy all liens, of whatever type, and subrogation claims form settlement proceeds.  The undersigned hereby agrees to indemnify and defend the Released Parties from any and all claims or suits brought by any provider of medical services, legal services, or benefits as a result of the accident referred to above."  Both CISNEY and BLEVINS have signed the RELEASE Exhibit "C" to this Complaint.

24.  JOHNSON has demanded payment of his lien for his services performed in California, pursuant to the amount set forth in Exhibit "B" to this Complaint.  CISNEY and BLEVINS have refused to pay JOHNSON for his legal services rendered on CISNEY'S as his first attorney in this matter, and for handling of the California claims and related litigation.

25.  CISNEY has breached the contract that he has with JOHNSON to represent him on his accident claims by failing to pay him compensation according to his Contingency Fee Agreement. JOHNSON claims compensation of 40% of the first $100,000.00 of the settlement by virtue of his legal services which obtained a "guarantee" high-low binding arbitration result of at least the low

amount of $100,000.00, and a possible high amount of $500,000.00 while JOHNSON was representing CISNEY prior to the termination of his legal services on or about August 2, 2017.   In addition, JOHNSON claims compensation on an hourly rate as set forth in the Contingency Fee Agreement, as a discharged attorney on a "Quantum Meruit" basis for the hours performed during his representation of CISNEY.

## SECOND CAUSE OF ACTION-DECLARATORY RELIEF

### (Against All Defendants)

26.  Plaintiff incorporates by reference paragraphs 1-25, inclusive, and each and every prior and subsequent allegation as though fully set forth herein.

27.  A dispute has arisen as to the division of the attorney fees portion of the settlement incorporated in Exhibit "C" to this Complaint as the "RELEASE."   JOHNSON seeks a judicial determination as to the division of the fees in this case as to the participating attorneys, JOHNSON, BLEVINS, and BALCH.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Robert Grey Johnson, Jr., does hereby pray that judgment be entered in his favor and against Defendants as follows:

1)  Costs and attorney's fees incurred in the representation of CISNEY in his various civil actions, together with such further and additional relief at law or equity that this Court may deem just and proper.

Dated:  October 5, 2017                             Law Office of Robert Grey Johnson

/s/ Robert G. Johnson, Jr.
Robert G. Johnson, Jr.
Attorney for Plaintiff, In Pro Per

1

## ATTESTATION OF FILER

2

3
        I attest that the other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

4
Dated: October 5, 2017                    /s/ Robert G. Johnson, Jr.
                                          Robert G. Johnson, Jr.
5                                         Attorney for Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28